FILED
IN CLE ·  OFFICE

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS 2018 MAY 31  PM 1: 05

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Crim. No. 18-300 20 MGM |
| | ) | DISTRICT OF MASS. |
| | ) | **VIOLATIONS** |
| v. | ) | |
| | ) | **18 U.S.C. § 1344 -** |
| | ) | **Bank Fraud** |
| HANIBAL TAYEH, | ) | **(Count One)** |
| | ) | |
| Defendant. | ) | **18 U.S.C. § 1957 -** |
| | ) | **Money Laundering** |
| | ) | **(Counts Two through Four)** |
| | ) | |
| | ) | **18 U.S.C. § 982 -** |
| | ) | **Asset Forfeiture Allegations** |

**INDICTMENT**

The Grand Jury charges:

GENERAL ALLEGATIONS

At all times pertinent to this Indictment:

1.      Bank Rhode Island (hereinafter "Bank RI"), was a financial institution doing business in the District of Massachusetts and elsewhere, whose deposits were insured by the Federal Deposit Insurance Corporation.

2.      Spectrum Analytical, Inc. ("Spectrum") was a Massachusetts corporation owned and controlled by HANIBAL TAYEH.

3.      Hanibal Technology, LLC ("Hanibal Technology") was a limited liability company owned and controlled by HANIBAL TAYEH.

**COUNT ONE:**        **Bank Fraud (18 U.S.C. § 1344)**

4.        The allegations contained in paragraphs 1 through 3 are realleged and incorporated herein.

5.        In or about March 2014,

### HANIBAL TAYEH,

defendant herein, in the District of Massachusetts and elsewhere, knowingly executed and attempted to execute a scheme and artifice to defraud Bank RI and to obtain moneys and funds owned by and under the custody and control of Bank RI, by means of materially false and fraudulent pretenses and representations.

It was part of the scheme that:

6.        In or about March 2014, TAYEH sought a temporary increase of the revolving line of credit previously extended by Bank RI to Spectrum and Hanibal Technology.

7.        TAYEH falsely represented to Bank RI that Spectrum and Hanibal Technology needed $900,000 as a retainer to purchase instrumentation essential to a project in Saudi Arabia. TAYEH represented that the purchase of the instrumentation was one of two remaining conditions for Hanibal Technology to receive a first payment of $8.9 million for work done on the Saudi Arabian project.  TAYEH falsely represented to Bank RI that he sought an increase to the revolving line of credit in order to pay a retainer to purchase instrumentation for the Saudi Arabian project.

8.        TAYEH falsely represented that he would use $500,000 in personal funds to pay the $900,000 retainer.

9.        On or about March 31, 2014, based on TAYEH's false representations, Bank RI gave Spectrum and Hanibal Technology a 45-day increase of $400,000 to the revolving line of

2

credit.   TAYEH then used $400,000 in Bank RI funds for purposes other than the purchase of

instrumentation for the Saudi Arabian project, including to pay promissory notes that were the

personal obligations of TAYEH.

All in violation of Title 18, United States Code, Section 1344.

**COUNTS TWO THROUGH FOUR:   Money Laundering (18 U.S.C. §§ 1957 and 2)**

10.     The allegations contained in paragraphs 1 through 3 and 6 though 9 are realleged and incorporated herein.

11.     On or about each of the dates set forth below, in the District of Massachusetts and elsewhere,

**HANIBAL TAYEH,**

defendant herein, did knowingly engage in and attempt to engage in a monetary transaction in criminally derived property of a value greater than $10,000, such property having been derived from a specified unlawful activity, namely, Bank Fraud, in violation of Title 18, United States Code, Section 1344, as follows:

| Count | Date | Description |
|---|---|---|
| 2 | March 31, 2014 | Check for $80,000 drawn from Bank of America account in the name of Hanibal Technology LLC payable to Individual #1 |
| 3 | March 31, 2014 | Check for $100,000 drawn from Bank of America account in the name of Hanibal Technology LLC payable to Individual #2 |
| 4 | March 31, 2014 | Check for $100,000 drawn from Bank of America account in the name of Hanibal Technology LLC payable to Individual #3 |

All in violation of Title 18, United States Code, Sections 1957 and 2.

## BANK FRAUD FORFEITURE ALLEGATION
### (18 U.S.C. § 982(a)(2)(A))

The Grand Jury further finds that:

1.      Upon conviction of the offense in violation of Title 18, United States Code,

Section 1344, set forth in Count One of this Indictment,

### HANIBAL TAYEH,

defendant herein, shall forfeit to the United States, pursuant to Title 18, United States Code,

Section 982(a)(2)(A), any property constituting, or derived from, proceeds obtained directly or

indirectly, as a result of such offense.   The property to be forfeited includes, but is not limited

to, the following:

      a.      $400,000, to be entered in the form of a forfeiture money judgment;

2.      If any of the property described in Paragraph 1, above, as being forfeitable

pursuant to Title 18, United States Code, Section 982(a)(2), as a result of any act or omission of

the defendant --

      a.      cannot be located upon the exercise of due diligence;

      b.      has been transferred or sold to, or deposited with, a third party;

      c.      has been placed beyond the jurisdiction of the Court;

      d.      has been substantially diminished in value; or

      e.      has been commingled with other property which cannot be divided without
         difficulty;

it is the intention of the United States, pursuant to Title 18, United States Code, Section 982(b),

incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other

property of the defendant up to the value of the property described in Paragraph 1 above.

All pursuant to Title 18, United States Code, Section 982(a)(2).

## MONEY LAUNDERING FORFEITURE ALLEGATION
(18 U.S.C. § 982(a)(1))

The Grand Jury further finds that:

1.      Upon conviction of one or more of the offenses in violation of Title 18, United States Code, Section 1957, set forth in Counts Two through Four of this Indictment,

**HANIBAL TAYEH,**

defendant herein, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), any property, real or personal, involved in such offenses, and any property traceable to such property.   The property to be forfeited includes, but is not limited to, the following:

      a.      $280,000, to be entered in the form of a forfeiture money judgment;

2.      If any of the property described in Paragraph 1, above, as being forfeitable pursuant to Title 18, United States Code, Section 982(a)(1), as a result of any act or omission of the defendant --

      a.      cannot be located upon the exercise of due diligence;

      b.      has been transferred or sold to, or deposited with, a third party;

      c.      has been placed beyond the jurisdiction of the Court;

      d.      has been substantially diminished in value; or

      e.      has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 18, United States Code, Section 982(b), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the property described in Paragraph 1 above.

All pursuant to Title 18, United States Code, Section 982(a)(1).

A TRUE BILL

_____
FOREPERSON OF THE GRAND JURY

_____
ALEX J. GRANT
ASSISTANT U.S. ATTORNEY

DISTRICT OF MASSACHUSETTS:

Returned into the District Court by the Grand Jurors and filed on May 31, 2018.

_____
DEPUTY CLERK OF COURT